MARY J. McGRAW, Respondent, *v.* GEORGE N. TATHAM et al., Appellants.

(Argued March 21, 1881 ; decided March 25, 1881.)

THIS action was brought to recover the balance of an alleged loan to, or deposit with, defendants' firm. The defense was a denial of plaintiff's title, defendants claiming that the money belonged to plaintiff's husband, Joseph McGraw.

The deposits were made by McGraw in his own name. His brother, Hugh, was in defendants' employ. Joseph was permitted to testify under objection and exception that he called upon his brother at defendants' place of business, and told him that, at the request of his wife, he desired to put her money on deposit, intending eventually to buy bonds with it; that Hugh advised him not to purchase bonds, but deposit it with defendants upon interest; that, at Hugh's further suggestion, he went into the back office and saw Charles Tatham, one of the defendants, and then returned to Hugh with whom the business was closed; that Hugh drew a receipt for the money, and took it to said Tatham, in the back office, who inserted a clause specifying the rate of interest, and providing for thirty days' notice before payment, and then signed it, and it was delivered by Hugh to Joseph. *Held*, that the evidence of the conversation with Hugh was properly received as part of the *res gestœ*.

It was proved that before this deposit Joseph McGraw had received from his wife a sum larger than that so deposited, which he deposited to his own credit in a bank. Most of this he drew out from time to time, replacing it with funds of his own before he made the deposit with the defendants; which was done by his delivering to defendants a check upon said bank. *Held*, that it was immaterial from what source the deposit with defendants was derived; that if Joseph made such deposit for his wife, it became hers irrespective of the source.

It was shown upon the trial that Hugh McGraw, claiming to be a creditor of his brother, attached, as the property of the latter, the unpaid balance in defendants' hands. The attachment proceedings were excluded on the ground that no such defense was set up in the answer. *Held*, no error; that so far as the fact of the attachment bore on the question of the interest of plaintiff's husband, sufficient was shown; that defendants, having chosen to defend for the benefit of Hugh, without pleading the attachment, or seeking to compel an interpleader, no question was left open except plaintiff's title.

*J. Treadwell Richards* for appellants.

*Andrew J. Perry* for respondent.

FINCH, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.